**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 24-4232**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

DUANE KENYADA LYTCH, a/k/a D,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:23-cr-00261-FL-1)

_____

Submitted:  October 22, 2024                          Decided:  October 25, 2024

_____

Before KING and WYNN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

_____

Affirmed in part and dismissed in part by unpublished per curiam opinion.

_____

**ON BRIEF:** Peter M. Wood, LAW OFFICE OF PETER WOOD, Raleigh, North Carolina, for Appellant.  David A. Bragdon, Assistant United States Attorney, Lucy Partain Brown, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Duane Kenyada Lytch appeals his convictions and the 108-month sentence imposed following his guilty plea to conspiracy to distribute and possess with the intent to distribute a quantity of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846; and distribution of a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). On appeal, Lytch's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning the validity of Lytch's guilty plea, the validity of his appeal waiver, and whether the district court properly applied the Sentencing Guidelines. Lytch has filed a pro se supplemental brief raising the same issues.[*] The Government now moves to dismiss based on the appeal waiver contained in Lytch's plea agreement. For the reasons that follow, we affirm in part and dismiss in part.

We review the validity of an appeal waiver de novo. *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012). An appeal waiver "preclude[s] a defendant from appealing a specific issue if the record establishes that the waiver is valid and the issue being appealed is within the scope of the waiver." *United States v. Archie*, 771 F.3d 217, 221 (4th Cir. 2014). A defendant validly waives his appeal rights if he agrees to the waiver

---

[*] Lytch also asserts claims of ineffective assistance of counsel and prosecutorial misconduct. Absent exceptional circumstances not present here, a motion under 28 U.S.C. § 2255 is the appropriate vehicle for bringing an ineffective assistance claim. *See United States v. Ojedokun*, 16 F.4th 1091, 1115 (4th Cir. 2021). Furthermore, the present record reveals no evidence of prosecutorial misconduct. We therefore decline to consider these claims on direct appeal.

"knowingly and intelligently." *United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010). "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *Thornsbury*, 670 F.3d at 537.

Our review of the record confirms that Lytch knowingly and intelligently executed the appeal waiver, the terms of which preclude him from appealing his convictions and whatever sentence the district court imposed. Thus, we conclude that the waiver bars Lytch's Guidelines arguments.

However, Lytch's appeal waiver does not preclude him from raising a colorable challenge to the validity of his guilty plea. *See United States v. McCoy*, 895 F.3d 358, 364 (4th Cir. 2018); *United States v. Attar*, 38 F.3d 727, 732-33 & n.2 (4th Cir. 1994). Before accepting a guilty plea, the district court must conduct a colloquy in which it informs the defendant of, and determines that he understands, the nature of the charges to which he is pleading guilty, any mandatory minimum penalty, the maximum penalty he faces, and the rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The court also must ensure that the defendant's plea is voluntary and supported by an independent factual basis. Fed. R. Crim. P. 11(b)(2), (3). Because Lytch did not preserve any claim of error in the plea proceedings, we review the adequacy of the plea colloquy for plain error. *United States v. Vonn*, 535 U.S. 55, 58-59 (2002); *see Henderson v. United States*, 568 U.S. 266, 272 (2013)

3

(describing standard).  Based on our review of the record, we conclude that Lytch's guilty plea was knowing, voluntary, and supported by an independent basis in fact.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal.  We therefore grant the Government's motion to dismiss in part, dismiss the appeal as to all issues within the waiver's scope, and affirm the remainder of the judgment.  This court requires that counsel inform Lytch, in writing, of the right to petition the Supreme Court of the United States for further review.  If Lytch requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Lytch.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

4